(5 Misc. Rep. 329.)

### WARNER v. WILL.

(City Court of Brooklyn, General Term. October 23, 1893.)

ADVERSE POSSESSION—EVIDENCE.

In an action by a vendor for specific performance, the defense was that plaintiff had no title to the property. Defendant proved that the record title had been in a corporation since 1866, (26 years before the action was brought.) Plaintiff proved a conveyance in 1869 by one S. to K., through whom plaintiff claimed by descent. Plaintiff also testified that after K. bought the property a fence was put around it, and, later, a house built; that the house had been built 17 years; and that K. had possession of the property from the time of the purchase, in 1869, and lived in the house until his death. *Held*, that the plaintiff had failed to make out such a title by adverse possession as entitled him to specific performance.

Appeal from special term.

Action by Gottlieb W. Warner against Fredericka Will, brought on July 12, 1892, for specific performance. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Martin E. Halpin, for appellant.

Howard C. Conrady, for respondent.

CLEMENT, C. J. This action was brought by the plaintiff to compel the specific performance of a contract by the defendant, whereby the defendant agreed to purchase of the plaintiff an undivided half of certain real estate on Kane place, in this city. The defendant, after an examination of the title by her attorney, declined to carry out her agreement, on the ground that the plaintiff did not have title to the property. Plaintiff claimed that he had title by adverse possession. There was judgment for defendant at special term, and plaintiff has taken this appeal. We think that the testimony in the case is entirely insufficient to establish the claim of plaintiff. The defendant proved a perfect record title in the Brooklyn & Jamaica Railroad Company, who received their deed about March 27, 1866. On the other hand, plaintiff, as a foundation of his title, put in evidence a deed by one Jacob H. Sackman, dated October 11, 1869, to Joseph Koehl and Antonia Koehl, and showed that, by descent, he obtained the title of such grantors, if any, to an undivided half. The only oral testimony on the point was given by the plaintiff:

"I remember and recollect the time when my father and mother bought this Kane place property. After it was bought, what was done with it by my father and mother was, a fence was put around it, and it was lying idle. The house will be built,—on the 1st day of June, it will be seventeen years. My father and mother had possession of that property from the time they bought it from Mr. Sackman up to the time of their death. They lived on it since the day it was built. On the 1st day of June last, it was finished sixteen years."

The authorities cited by the counsel for plaintiff are actions at law, or, if in equity, where the testimony showed, conclusively, adverse possession for a much longer period than 20 years. If we assume the truth of the testimony of the plaintiff, the defendant, if she took title, might be sued by the owner of record, the Brooklyn & Jamaica Railroad Company, and the testimony of plaintiff in this case, when given in such action, would not justify the direction of a verdict. We do not hold that plaintiff had no title to the property, but we do think that the title offered was not free from reasonable doubt. Dingley v. Bon, 130 N. Y. 607, 29 N. E. Rep. 1023. Judgment affirmed, with costs.